IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN THOMAS RILEY, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:17cv644-MHT |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

**I. INTRODUCTION**

Petitioner John Thomas Riley, Jr. ("Riley") is before the court with a *pro se* motion (Doc. No. 2) seeking a reduction in his sentence based on allegations of witness perjury and a *Brady* violation by the government in Criminal Case No. 2:99cr137-MHT, where Riley, in July 2000, was sentenced to 420 months in prison after pleading guilty to conspiracy to distribute controlled substances, money laundering, smuggling marijuana, and unlawful use of a communications device.[1]  According to Riley, he recently learned that a cooperating government witness gave false testimony at his sentencing hearing regarding prior drug dealings with Riley, resulting in drug quantities being wrongly attributed to Riley as relevant conduct used to determine his guidelines range.  Riley maintains that he also recently learned the government withheld prior statements by the

---

[1] Riley did not style this filing as a motion, but rather sent it in letter form addressed to the district court judge who sentenced him.  Pursuant to the court's orders, it was docketed as a motion in a new civil action under 28 U.S.C. § 2255.

same witness about Riley that "would have been discoverable under *Brady*" and relevant to Riley's sentencing. Doc. 2 at 4. For the reasons that follow, the magistrate judge finds that Riley's instant motion should be dismissed as a successive 28 U.S.C. § 2255 motion filed without the required appellate court authorization.

## II.  DISCUSSION

Riley's instant motion alleging witness perjury and a *Brady* violation challenges the sentence imposed by this court in July 2000 in Criminal Case No. 2:99cr137-MHT. The law directs that 28 U.S.C. § 2255 is the exclusive remedy for a federal prisoner to collaterally attack a conviction and/or sentence imposed by a federal court. *See* 28 U.S.C. § 2255(a) & (e); *United States v. Holt*, 417 F.3d 1172, 1174–75 (11th Cir. 2005); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Therefore, regardless of Riley's labeling of his instant motion (or the lack of labeling), the court finds that his motion is of the same legal effect as—and should be construed as—a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *See United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990) (federal courts have "an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework").

This is the second 28 U.S.C. § 2255 motion filed by Riley attacking his convictions and/or sentence obtained in Criminal Case No. 2:99cr137-MHT. Riley's first § 2255 motion was filed on October 15, 2003. *See* Civil Action No. 2:03cv1031-MHT, Doc. No. 1. On May 7, 2012, this court entered a final judgment denying that § 2255 motion. *Id.*, Doc. Nos. 83 & 84 (Opinion of District Court Adopting Magistrate Judge's

Recommendation & Judgment of District Court Adopting Magistrate Judge's Original Recommendation [Doc. No. 41] & Supplemental Recommendation [Doc. No. 79] and Denying § 2255 Motion).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h).[2]

"The bar on second or successive motions is jurisdictional." *In re Morgan*, 717 F.3d 1186, 1193 (11th Cir. 2013). A federal district court lacks jurisdiction to consider a successive § 2255 motion where the movant fails to obtain the requisite permission from the appellate court to file a successive motion. *Farris v. United States,* 333 F.3d 1211,

---

[2] This court notes that Riley's claims are premised on alleged newly discovered evidence relevant to his sentencing that, in his view, should reduce the length of his incarceration. Under § 2255(h)(1), to proceed with a second or successive petition, the newly discovered evidence must be sufficient to establish by clear and convincing evidence that no reasonable factfinder "would have found the movant guilty of the offense." 28 U.S.C. § 2255(h)(1). The newly discovered evidence alleged by Riley does not affect whether he committed the crimes for which he is incarcerated, but instead involves only a sentencing issue. The Eleventh Circuit has held that sentencing issues based on newly discovered evidence are not cognizable under § 2255(h)(1) because that exception applies only to challenges to the underlying conviction and is not available to assert sentencing error. *In re Dean*, 341 F.3d 1247, 1249 (11th Cir. 2003).

1216 (11th Cir. 2003). Riley has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive § 2255 motion. Because Riley has not obtained the required authorization from the appellate court, this court lacks jurisdiction to consider the merits of his present § 2255 motion and the motion is due to be dismissed for lack of jurisdiction. *See, e.g., Farris*, 333 F.3d at 1216; *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the § 2255 motion be dismissed for lack of jurisdiction, as Riley has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before October 19, 2017. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-

1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 5th day of October, 2017.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE